MATTHISON
v.
FORBUS.

MATTHISON, Sheriff, &c. *against* FORBUS, impleaded with
KERN.

Where a sheriff, on being served with an attachment, for not bringing in the body of a defendant, pursuant to a rule of Court, procures a person to put in special bail, (on his promise of indemnity,) in the original suit, he cannot maintain an action on the bailbond; for, there being an appearance, according to the condition of the bail-bond, the defendant may plead *comperuit ad diem, prout patet,* &c.

But, on being served with an attachment, he should pay the debt and costs in the original suit, with the costs on the attachment, and then bring his action on the bail-bond, or against the defendant, for so much money paid.

THIS was an action of debt brought on a bail-bond given
to the plaintiff, as sheriff of the county of *Madison,* on a
writ against *Kern,* in favour of *Jehiel Tuttle,* in the Court
of Common Pleas. The cause was removed by *habeas cor-
pus* into this Court. The declaration was in the usual form.
The defendant pleaded *non est factum,* and *comperuit ad
diem, prout patet per recordum.* The plaintiff replied to the
second plea, stating the issuing of the writ, the arrest of *K.,*
the execution of the bail-bond, the return of the writ, *cepi
corpus,* &c.; that *K.* failed to appear, &c; that a rule of
Court was served on the plaintiff to bring in the body of *K.*
in twenty days, or show cause why an attachment should not
issue against him; that *K.* refused to appear and put in
special bail; that an attachment was issued against the
plaintiff, who was arrested thereon, and, in order to stay the
proceedings on the attachment, he procured *Pardon Bar-
nard* to become special bail, and justify, in the original ac-
tion, and paid the costs of the attachment. The defendant
*rejoined,* denying that any such proceedings were had, as
stated in the replication, and that the plaintiff had not been
damnified, &c. To this rejoinder there was special demur-
rer and joinder. The general issue was tried at the *Madison*
circuit, in *June,* 1821, before Mr. Justice *Van Ness.*

At the trial, the execution of the bail-bond was admitted;
and the plaintiff proved the proceedings as stated in his re-
plication; a judgment in the original cause, a *fi. fa.* against
*K.,* returned *nulla bona,* a *ca. sa.* against *K.,* returned *non
est inventus,* and a *capias* against *P. Barnard,* the special bail,
returned *cepi corpus,* by which, according to the rules of
the Court, he became fixed as bail. The plaintiff proved
the amount of the original debt to *Tuttle,* which, with inte-
rest and costs, amounted to 159 dollars and 85 cents. The
defendant's counsel objected, 1. That as special bail had
been put in, in the original action, by the plaintiff's own

showing, he could not maintain the action; 2. That the plaintiff had not paid the original debt to *Tuttle*, and if he had, he could not be entitled to recover interest on the judgment. The Judge reserved the points, and a verdict was found for the plaintiff, under his direction, for 159 dollars and 85 cents, subject to the opinion of the Court on a case, containing the facts above stated, which was submitted to the Court without argument.

ALBANY,
January, 1822

MATTHISON
v.
FORBUS.

SPENCER, Ch. J. delivered the opinion of the Court. The defendant must have judgment. The plaintiff's attorney has mistaken the practice of the Court. The plaintiff ought not to have put in bail; but should have paid the debt and costs of the action, and of the proceedings on the attachment, and then sued on the bail bond. (1 *Tidd's Pr.* 262.) The defendant in the original action has appeared to that suit, by putting in special bail, by *Barnard.* It is true, that the bail was given at the instance of the plaintiff; but that is immaterial; it is an appearance according to the exigency of the bail bond; and on the plea of *comperuit ad diem,* as by the record, &c. there can be no inquiry who caused special bail to be filed. Whether the plaintiff can have a remedy against the defendant, after satisfying the original judgment, as for so much paid for the defendant, is not a matter of inquiry here; but that, at all events, is his only remedy.

Judgment for the defendant.